**Rupinder BRAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72179.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., Shahira M. Tadross, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

MEMORANDUM **

Rupinder Brar, a native and citizen of India, petitions for review of the Board of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to address Brar's contention that his asylum application was timely, because he did not exhaust the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We have jurisdiction to review the BIA's determination that Brar did not qualify for an exception to the deadline for filing his asylum application under 8 U.S.C. § 1252, because Brar's contention that extraordinary circumstances excuse his late filing raises mixed questions of law and fact. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). We also have jurisdiction over Brar's withholding of removal and CAT claims under 8 U.S.C. § 1252, and review for substantial evidence. *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000).

■ We conclude that Brar's asylum claim is time-barred. There were no extraordinary circumstances to excuse the late filing because Brar intentionally caused the delay through his actions and inactions. *See* 8 C.F.R. § 1208.4(a)(5).

■ Substantial evidence supports the BIA's denial of Brar's withholding of removal claim. The IJ did an individualized analysis of changed country conditions in India to support his finding that the government rebutted the presumption of a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000–01 (9th Cir.2003).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

■ Brar also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to India. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**